IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA
CIVIL DIVISION

PNC Bank, National Association

Plaintiff,

Case #: 2025-002990-CA01

Federal Case #:

-VS.-

Alfred Davis and Maurice Symonette; Unknown Spouse

of Alfred Davis; Green Lake Trust; Coastal Community

Bank; Unknown Parties in Possession #1, if

living, and all Unknown Parties claiming by,

through, under and against the above named

Defendant(s); Unknown Parties in Possession

#2, if living, and all Unknown Parties claiming

by, through, under and against the above named

Defendant(s)

```
FILED BY____MCO_D.C.

APR 2 7 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI
```

## NOTICE OF REMOVAL 28 U.S.C. 1446 (d)

Comes now Alfred Davis and Maurice Symonette with this Notice of Removal due to state courts lack of Jurisdiction and because the Mortgage is Freddie Mac making this a Federal Case, Exh. 1. and the State court can proceed no further 28 U.S.C. 1446 (d).  The Signature on the Mortgage is Forged to appear that Alfred Davis signed it. So that Mortgage presented is not valid. The two Witnesses are

BASIS FOR REMOVAL

This is a Freddie Mac Case that makes it a Federal Case. This case was a setup by Elaine Escoe as an Attorney Performance Manager to criminalize Alfred Davis and Maurice Symonette to steal our other property under our Non-profit Corporation because our property value was very high because Gov. Disantis said we have the right to build 15 stories high in our backyard lakefront property so Elaine Escoe as the Attorney Perfornance manager for Ocwen the Subservicer under GMAC which is owned by China at 51% under SAIC and SAIC is 100% owned by the CCP, making this a Federal Espionage Case because GMAC is the Master Servicer for U.S. Bank.

missing, also making that Mortgage void and invalid. Civil Rights Violations, Criminal Acts in Conspiracy with U.S. Bank by having an ex parte hearing without us, to take our property illegally. We Ordered the whole Record and looked and from 1999 to now There are no Assignments, Mortgage, or loan numbers anywhere in the Record pertaining to U.S. Bank owning the Property. This whole Eviction is Fraudulent. the Governor and Miami-Dade County Clerk of Court who was illegally appointed by the governor Pursuant to Florida Constitution Articled VIII Section 1, Article V Section 16, Article III Section 11 (A)(1). By the Governor Ron DeSantis illegally appointing the Clerk of Court to Miami-Dade County I have been psychologically tortured and terrorized by the Clerk of Court and his staff. The Governor had jurisdiction to prevent the Clerk's action but fail his duties to We The People, pursuant to Article IV Section 1 (a) & (b) and 42 U.S.C. 1983 AND 42 U.S.C. 1986. The Mayor Daniella Levine Cava had power to order the clerk of Court and her Sheriff's and their staff to stop their criminal acts towards us as victims, they retaliated further and committed first degree felonies. See Florida Statutes Section 914.23. Chief Judge and the General Counsel were notified and they to fail to perform their duties to prevent the Clerk of Court from Retaliating against victims. Bureau of Compliance for the Miami-Dade County Police were notified with the case number secured against all conspirators in their political positions as each has taken an oath of office and fail to report violating 18 U.S.C. 4 Misprision of Felony, and 18 U.S.C. 2382 Misprision and Treason. Each had a duty under 18 U.S.C. 3041 MAYOR, CHIEF JUDGE, GOVERNOR, CLERK OF COURT and all others listed in the a forementioned codes have committed criminal offenses towards us as victims. Due to the severity of the criminal activity and the political parties involved, it is the Plaintiff's positions that they have not and will not receive fair hearings, trials, warrants for charges filed and grand jury indictments because of their party affiliations and constituents

within this jurisdiction. Plaintiff's contends their rights to not be denied Notice of Removal in accordance with Florida Constitution Article III Section 11 (a) (1) & (6).

By changing venue, it will not be of any inconvenience to the witnesses due to there being no witnesses. Only victims and perpetrators of crimes.

A transfer to federal court is true and proper because foreclosures with Fannie Mae and HUD cannot be foreclosed in state court.

The laws that is applicable and controlling in this case are regulated and enforced in federal court and the state court will be compelled in another forum writ of mandamus to comply with their own laws, constitutions, and rules. It will be in the interest of justice to change the venue to federal court.

By the case being forwarded to the Federal Court s jurisdiction, it will not take up or waste the courts time. All laws that apply to this case is prima facie and will acquire an effective and sufficient result. All pleadings will be succinct and accomplish their desired results effectively and expeditiously.

By respectfully moving this case to the federal court the state court will be in compliance with our inalienable rights, laws of the United States and state of Florida, Constitutions of both federal and state, and their oaths of office.

### ULTIMATE FACTS WITH CONCLUSION OF LAW

Section 1404(a) of Title 28 provides that: "for the convenience of parties and witnesses, in the interest of justice, a district may transfer any civil action to any other district where it might have been brought."

Any party, including plaintiff, may move for a transfer under 28 U.S.C. § 1404(a). I-T-E- Circuit Breaker Co. v. Regan, 348 F.2d 403 (8th Cir. 1965); American

Standard, Inc. v. Bendix Corp., 487 F. Supp. 254, 260 (W.D. Mo. 1980). A party may move for transfer, even if it has waived any objection to venue. Montgomery Ward & Co. v. Anderson Motor Service, Inc., 339 F. Supp. 713, 718 n.3 (W.D. Mo. 1971). The court may also transfer an action sua sponte. Lead Industries Association, Inc. v. Occupational Safety and Health Administration, 610 F.2d 70, 79 n.17 (2d Cir. 1979); Mobil Corp. v. S.E.C., 550 F. Supp. 67, 69 (S.D.N.Y. 1982). While 28 U.S.C. § 1404(a) contains no time limit for the filing of a motion, the motion may be denied if the passage of time or any delay causes undue prejudice or is considered dilatory. See American Standard, Inc., 487 F. Supp. at 261, and cases cited. "The moving party has the burden of proof and must make a convincing showing of the right to transfer." Id.

The power of the court to transfer is limited to those districts or divisions where the case "might have been brought." 28 U.S.C. § 1404(a); American Standard, 487 F. Supp. at 261, and authorities cited. Thus, a transfer would be denied where some defendants would not be subject to jurisdiction or where the venue would be improper in the transferee forum as to any defendant. See Hoffman v. Blaski, 363 U.S. 335, 344 (1960); In re Fine Paper Antitrust Litigation, 685 F.2d 810, 819 (3d Cir. 1982), cert. denied, 459 U.S. 1156 (1983); Security State Bank v. Baty, 439 F.2d 910, 912 (10th Cir. 1971); Lamont v. Haig, 590 F.2d 1124, 1131 n.45 (D.C. Cir. 1978).

One of, if not the most important factors to be considered, is that of convenience of the witnesses. In this regard, the inquiry is directed not at the numbers, but rather at the nature and quality of the witnesses' testimony and the question of whether they can be compelled to testify. See Hotel Constructors, Inc. v. Seagrave Corp., 543 F. Supp. 1048, 1051 (N.D. Ill. 1982); Schmidt v. Leader Dogs for the Blind, Inc., 544

F. Supp. 42, 48 (E.D. Pa. 1982); Capitol Cabinet Corp. v. Interior Dynamics, Ltd., 541 F. Supp. 588, 591 (S.D.N.Y. 1982).

Another of the very important factors is the "interest of justice" -- a factor susceptible to a wide variety of definitions. For example, a court might properly consider the degree "of uncertainty in transferor state law." See Van Dusen v. Barrack, 376 U.S. 612 (1964). Other examples of matters considered under rubric of "interest of justice" are efficient use of judicial resources and avoidance of unnecessary waste and expense, Continental Grain Co. v. The FBL-585, 364 U.S. 19, 26-27 (1960); Smithkline Corp. v. Sterling Drug, Inc., 406 F. Supp. 52, 55 (D.C. Del. 1975); avoidance of inconsistent adjudications and "possibility of prejudice to the plaintiffs flowing from that transfer," Amoco Production Co. v. U.S. Dept. of Energy, 469 F. Supp. 236, 244 (D.C. Del. 1979); "familiarity of the court with the state law to be applied and the desirability of having localized controversies decided at home," Mutual of Omaha Ins. Co. v. Dolby, 531 F. Supp. 511, 514 (E.D. Pa. 1982), and cases cited; and permitting the transferee judge to interpret his outstanding protective order and familiarity of transferor judge with relevant documents. Mobil Corporation, 550 F. Supp. at 71. "The factor of the convenience of parties and witnesses must also be measured in terms of the interest of justice." See American Standard, 487 F. Supp. at 264. The level of congestion of the respective courts, dockets and the speed with which the dispute can be resolved are also proper matters to be considered. See Securities and Exchange Commission v. Savoy Industries, Inc., 587 F.2d 1149, 1156 (D.C. Cir. 1978), cert. denied, 440 U.S. 913 (1979).

An ORDER MUST BE rendered to have jurisdiction over this case and subject matter forwarded to the Federal courts.

/S/ALFRED DAVIS

ALFRED DAVIS
23001 NW 12th ct
MIAMI GARDES FL. 33169

MAURICE SYMONETTE
15020 S. RIVER DR
MIAMI FL. 33167

DECLARATION OF AUTHORIZATION BY INCARCERATED DEBTOR

I, Alfred Davis, declare under penalty of perjury that:

1. I am the debtor in this Notice of Removal case.

2. I am currently incarcerated at: _900 N Rock Rd. Fort pierce FL 34945_

3. I have authorized the filing of this Notice of Removal petition on my behalf.

4. I authorize the use of my electronic signature in the form "/s/ Alfred Davis" on all required documents.

5. I have reviewed (or will promptly review) the contents of the petition and related filings.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this _24th__ day of ___April___, 2026.

*SIGN /S/ALFRED DAVIS*

Alfred Davis